**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4422**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KEISHA MONIQUE SIMS,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, Senior
District Judge.  (3:09-cr-00867-CMC-1)

Submitted:  November 21, 2013      Decided:  November 25, 2013

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South
Carolina, for Appellant.  Tommie DeWayne Pearson, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keisha Sims appeals from the revocation of her supervised release and resulting eight-month sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising whether the sentence imposed was reasonable and whether Sims received ineffective assistance of counsel when counsel allegedly did not advise Sims that she could cure her violation for being in arrears on restitution by paying the arrearage. Sims has not filed a pro se supplemental brief, and the Government declined to file a brief. Finding no error, we affirm.

Sims questions the reasonableness of her eight-month revocation sentence. The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, this court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Before determining whether the sentence is "plainly unreasonable" we must decide whether it is unreasonable. Id. at 438. In doing so, the court "follow[s] generally the procedural and

substantive considerations" used in reviewing original sentences. Id.

A sentence or revocation is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, the appeals court decides that the sentence is not unreasonable, it should affirm. Id. at 439. In this initial inquiry, the court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does applying the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if this court finds the sentence unreasonable must the court decide whether it is "plainly" so. Id. at 657.

Under this court's deferential standard of review, Sims' sentence is not plainly unreasonable. A review of the record establishes that the district court considered the

3

advisory Guidelines range of six to twelve months. Furthermore, the district court drew upon specific § 3553(a) factors in determining the proper sentence, and noted that it believed that Sims could not comply with supervised release. Thus, we conclude that Sims' eight-month revocation sentence was not unreasonable, nor was it plainly so.

Sims also claimed that she did not receive effective assistance of counsel because counsel allegedly did not advise her that she could cure her violation for being in arrears on restitution by paying the arrearage. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims are most appropriately pursued in 28 U.S.C.A. § 2255 (West Supp. 2013) proceedings. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

We determine that the limited record before this court fails to conclusively establish the ineffectiveness of Sims' counsel. Although we are not conclusively deciding the issue, even if Sims was not appropriately counseled on the restitution arrearage issue, she still was in violation of her supervised release on two other Class C violations. Therefore, she has not

4

established prejudice. Accordingly, we decline to consider Sims' ineffective assistance claim at this time.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of Sims' supervised release and her sentence. This court requires that counsel inform Sims, in writing, of the right to petition the Supreme Court of the United States for further review. If Sims requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>